**In re Mitchell Luke PATIN, Debtor.**

No. C–96–1585–VRW.

United States District Court,
N.D. California.

July 25, 1996.

Ray H. Olmstead, Santa Rosa, CA, for Debtor.

Jay R. Weill, U.S. Attorney's Office, Tax Div., San Francisco, CA, for U.S.

## ORDER

WALKER, District Judge.

Appellee/debtor's chapter 13 plan was confirmed by Bankruptcy Judge Jaroslovsky on July 21, 1995. Appellant IRS, which had opposed confirmation of the plan, filed a notice of appeal of the bankruptcy court's decision on July 31, 1995. Appellant did not provide the clerk of the bankruptcy court with a copy of pleadings designated on appeal, nor did appellant pay the clerk for copying of those pleadings.

On August 15, 1995, the clerk notified appellant that it had failed to submit copies of pleadings designated on appeal and asked each party to "provide a copy of each pleading designated." Appellee's Response to OSC, Ex A. Appellant did nothing in response to the clerk's notice. Apparently, nothing further happened in the case until April 17, 1996, when Judge Jaroslovsky sua

sponte recommended dismissal of the appeal under BLR 8011–1(b) for appellant's failure "to complete the record on appeal * * * by supplying copies of designated record or paying for their reproduction as required by Bankruptcy Rule 8006." On May 3, 1996, the court issued to appellant an order to show cause why this appeal should not be dismissed for the reasons recommended by the bankruptcy court. The court further notified appellant that a hearing would be held on this matter on July 25, 1996. Although appellant timely filed responses to the May 3, 1996, order, it failed to appear at the July 25, 1996, hearing. The court will therefore consider the bankruptcy court's recommendation without oral argument. Civil LR 7–6. For the reasons stated below, the appeal is DISMISSED and Jay R. Weill, counsel for appellant, is ORDERED TO SHOW CAUSE why he should not be sanctioned for failing to appear at the July 25, 1996, hearing.

## I

■ The bankruptcy court based its recommendation of dismissal on FRBrP 8006, which provides in pertinent part: "Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to so provide a copy, the clerk shall prepare a copy at the party's expense. * * * All parties shall take any other action necessary to enable the clerk to assemble and transmit the record." The bankruptcy court concluded that because appellant neither provided copies of the designated pleadings nor paid for their reproduction, appellant violated Rule 8006.

It is unclear whether appellant concedes that it violated Rule 8006. In the first pages of its return to the OSC, appellant argues that it did not violate FRBrP 8006. See Appellant Return at 1 ("Appellant * * * respectfully argues that it did not violate Rule 8006"). Although appellant does not explicitly spell out its interpretation of Rule 8006, appellant apparently feels that under that Rule it was not required to take any action to perfect the record or pursue the appeal until the clerk prepared copies of the designated

pleadings and sent appellant the bill for such preparation.

Later in its return to the OSC, however, appellant appears to agree that it violated Rule 8006. See id. at 2, 3 ("Appellant admits that it may have misinterpreted the rule and the better course of action would have been to communicate directly with the clerk;" "To be sure, government counsel misinterpreted Rule 8006 to provide that the bankruptcy clerk would compile the record"). Appellant's position whether it violated Rule 8006 is thus unclear.

■ The court concludes that whatever else Rule 8006 may require, the portion of that Rule which provides that "[a]ll parties shall take any other action necessary to enable the clerk to assemble and transmit the record" requires parties to communicate with the bankruptcy clerk—either by giving the clerk copies of designated pleadings or by asking the clerk to prepare those copies and send the bill—once the clerk notifies the parties that the record is deficient. The court therefore concludes that appellant violated Rule 8006 when it failed to respond to the clerk's notice of August 15, 1995. The question for the court now is whether this violation justifies dismissing the appeal.

## II

■ The Ninth Circuit addressed the propriety of dismissing a bankruptcy appeal for failure to comply with FRBrP 8006 in In re Fitzsimmons, 920 F.2d 1468 (9th Cir.1991). In Fitzsimmons, the appellant timely filed its notice of appeal on February 2, 1987. Id. at 1470. Appellant claimed that on the same day it served on appellee a designation of the record on appeal; appellee denied that such service took place. Id.

On February 25, 1987, appellee objected to appellant's request for a record on appeal because it did not constitute a proper designation of the record. Id. On March 5, 1987, appellee received from appellant a copy of the designation of record, file stamped February 6, 1987. Appellee then filed counter-designations, and on April 16 appellant asked the bankruptcy court reporter to prepare transcripts and to post estimated costs of

those transcripts. On July 25, 1987, the bankruptcy clerk requested from appellant (1) the cost of preparing the transcripts and (2) amended designations to correct misdesignations made by appellant. Appellant mailed its amended designations on September 25, 1987. *Id.*

On October 14, 1987, the bankruptcy clerk notified the appellee that preparation of the clerk's record had not yet begun because appellant had not posted the cost for preparation of the clerk's transcripts. On October 16, 1987, appellee moved to dismiss the appeal under FRBrP 8006 based on the delays in preparation of the transcripts. Appellant posted the preparation fees on October 23, 1996, and the transcript was forwarded to the district court on November 1, 1987. The district court granted appellee's motion to dismiss, citing five reasons: (1) appellant failed to serve the designation of record for a month; (2) appellant failed to take prompt steps to have the reporter's transcript prepared; (3) appellant failed for two months to correct its record designations; (4) appellant failed to pay the record preparation fee until after the motion to dismiss was filed; and (5) such delays in bankruptcy cases can cause creditors to suffer substantial prejudice. *Id.* at 1470–71.

The Ninth Circuit affirmed for the reasons stated by the district court, concluding that appellant's extreme and unexcused delay in complying with the requirements of FRBrP 8006 constituted bad faith. *Id.* at 1471–1472. The Ninth Circuit further concluded that given appellant's egregious conduct, the district court was not required to consider less severe sanctions than dismissal of the appeal. *Id.* at 1472–74.

*Fitzsimmons* is on all fours with the current case. The court finds it difficult to accept appellant's argument that appellant, in good faith, believed that it had complied with FRBrP 8006 in light of the fact that (1) appellant received a letter from the bankruptcy clerk on August 15, 1995, asking for copies of the designated pleadings and (2)

nothing happened in the appeal for 8 months after appellant received the clerk's notice. Even if appellant was justified in not submitting the designated pleadings before August 15, there is no justification for its decision simply to ignore the clerk's notice. Appellant is hardly a stranger to federal bankruptcy or district courts, and it simply defies belief to say that appellant reasonably could have believed that its appeal was proceeding normally when almost a year passed after the filing of the notice of appeal without a briefing schedule being established.

Moreover, the court is troubled by the arguments made by appellant in response to the order to show cause. In its return to the order, appellant claimed that "the first time government counsel learned that the record was deficient was when it received this Court's order [to show cause]." This assertion cannot be correct: as noted above, appellant was asked by the bankruptcy clerk in August 1995 to supply the clerk with copies of the designated pleadings. This request, which appellant does not deny receiving, should have given appellant notice that the record was deficient. Yet appellant does not even attempt to explain why the request did not put it on notice of the deficiency in the record.

Similarly, in its reply brief appellant claimed that the bankruptcy clerk's erroneous attachment of a superseded version of FRBrP 8006 [1] to the request "contributed to the confusion in this case." Appellant Reply at 1. The manner in which appellant has presented this "confusion" claim casts doubt on the sincerity of that claim. Appellant did not claim in its return to the order to show cause that the clerk's citation to the old version of Rule 8006 caused any confusion. Rather, appellant waited until appellee pointed out appellant's receipt of the August 1995 clerk's notice to claim that it was "confused" by that notice. Given this, the court finds appellant's claims of confusion unconvincing.

The court further notes that appellant took absolutely no action to comply with Rule

---

1. The version of FRBrP 8006 attached to the clerk's notice did not contain the clause, violated by appellant in this case, which requires "[a]ny party filing a designation of the items to be included in the record [to] provide the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk [to] prepare the copy at the expense of the party."

8006 until after the order to show cause was filed. As was the case in *Fitzsimmons,* the court "can only speculate how long [appellant] might have continued to delay" if it had not been prodded into action by the court. 920 F.2d at 1471. This inertia on appellant's part implies bad faith, an implication which is only strengthened by appellant's baffling failure to appear at the July 25, 1996, hearing on this matter.

In sum, appellant has provided no plausible explanation for its failure timely to complete the record on appeal. Appellant's fault in this case was not, as appellant claims, limited to "mere reliance on the literal language of Rule 8006." Appellant also (1) ignored the bankruptcy clerk's August 15, 1995, notice; (2) took absolutely no action to move its appeal along even after a reasonable litigant would have concluded that the appeal had stalled; (3) answered the court's order to show cause by giving shifting, incomplete and unpersuasive explanations for its failure to complete the record on appeal; and (4) failed to appear at the July 25, 1996, hearing on this matter. These actions amount, at the very least, to negligence sufficiently severe to be called "bad faith."

The court also notes that both appellee and the estate's creditors would suffer significant prejudice if appellant's dilatoriness were excused in this case. Once consideration of this motion is added to the total, appellant's failure to complete the record has delayed this appeal by almost one year. Due to appellant's delay, an appeal which otherwise might already have been decided has not even been briefed. Moreover, appellee claims that "based upon [appellant's] inaction, [appellee] had concluded that [appellant] had abandoned its appeal." Appellee Response to OSC at 1. Appellee claims that he therefore has "fully complied with his plan" by making payments to appellant and to the estate's trustee. *Id.* It would unfairly prejudice both appellee and the estate's creditors to allow appellant to throw the propriety of those payments into question now, a year after the plan was confirmed.

In light of (1) the amount of time which has passed since the notice of appeal was filed, (2) appellant's apparent bad faith in allowing this appeal to languish from August 1995 to April 1996 and in failing to appear at the July 25, 1996, hearing, and (3) the prejudice which this delay would cause appellee and the estate's creditors if this appeal was now allowed to go forward, the court concludes that this is an "extreme case" in which dismissal for failure to comply with FRBrP 8006 is justified. See 920 F.2d at 1470. Moreover, because the court finds that appellant has acted in bad faith in this case, the court need not consider alternative sanctions.[2] This appeal is DISMISSED for failure to comply with FRBrP 8006.

### III

As should be clear from the above discussion, the court is troubled by the manner in which counsel for appellant, Jay R. Weill, has performed his duties in this case. Appellant's briefs in response to the order to show cause, both of which were signed by Mr. Weill, made little attempt to explain why appellant had been so derelict in its pursuit of this appeal and simply asserted that dismissal of the appeal was too harsh a sanction. Moreover, Mr. Weill failed to appear at the July 25, 1996, hearing, even though he obviously received the court's May 3, 1996, order in which that hearing date was set. Mr. Weill is therefore ORDERED TO SHOW CAUSE why he should not be sanctioned for failing to appear at the July 25, 1996, hearing. See *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) (courts have inherent power to control their dockets, which power includes the levying of sanctions). Mr. Weill may file a return to this order no later than July 31, 1996. A hearing shall be held on this matter on August 2, 1996, at 10:30 AM.

IT IS SO ORDERED.

---

**2.** Nor has appellant suggested any alternative sanctions.