## In re ASPEN HEALTHCARE, INC.

Tahoma Denali Properties, LLC, and
Robert P. Fisher, Appellants,

v.

E. Lynn Schoenmann,
Trustee, Appellee.

Nos. C 00–4087 SI, C 00–4088 SI.

United States District Court,
N.D. California.

July 30, 2001.

Daniel M. Linchey, Goldberg Stinnett Meyers & Davis, San Francisco, CA, for E. Lynn Schoenmann.

Donald W. Fisher, San Clemente, CA, for Tahoma Denali Properties, LLC.

Robert P. Fisher, Aptos, CA, pro se.

## ORDER OF DISMISSAL WITH PREJUDICE

ILLSTON, District Judge.

On July 27, 2001, the Court heard argument on Trustee E. Lynn Schoenmann's motions to dismiss two related actions. Having carefully considered the arguments of counsel and the papers submitted, the Court hereby GRANTS the motion for the reasons set forth below.

## BACKGROUND

These actions involve a dispute over property commonly known as 7079 State Highway 89 in Tahoma, California ("Tahoma Property"). On July 31, 2000, appellant E. Lynn Schoenmann ("Trustee"), trustee to the bankruptcy estate of Aspen Health Care, Inc., obtained a default judgment in an adversary proceeding (AP 00–3107–TC) before the United States Bankruptcy Court for the Northern District of California. That judgment determined that the Tahoma Property was an asset of the bankruptcy estate, and that appellants Robert Fisher ("Fisher") and Tahoma Denali Properties ("Tahoma") have no ownership interest in the Tahoma Property. Fisher and Tahoma (together "appellants") filed a motion for relief from the default judgment in the bankruptcy court on September 6, 2000. *See* Declaration of Daniel M. Linchey ("Linchey Decl.") at Ex. B.

While the motion for relief from the default judgment was pending, on September 11, 2000, the bankruptcy court issued an order approving the Trustee's proposed sale of the Tahoma Property to John Wickland ("9/11/00 order"). The bankruptcy court further ordered, on September 25, 2000, that the Trustee could sell Tahoma Property free and clear of the disputed interests of Fisher and Tahoma ("9/25/00 order"). *See* Order for Relief from Default, September 25, 2000. In the same order, the bankruptcy court denied

an oral request by Fisher and Tahoma to temporarily stay the order pending appeal. *Id.* The next day, Fisher and Tahoma filed an *ex parte* application before this Court to temporarily stay the two orders of the bankruptcy court (the 9/11/00 and 9/25/00 orders) effecting the sale of Tahoma Property. *See Ex Parte* Application in C–00–3557. Fisher and Tahoma stated that the intended to appeal the bankruptcy court's orders but needed a temporary stay of the sale pending the outcome of the appeal. *Id.* This Court denied the application for stay on September 28, 2000. *See* Order Denying Stay, September 28, 2000. The Trustee subsequently filed a motion to dismiss as moot the case arising from Fisher and Tahoma's *ex parte* application for a temporary stay (C–00–3557) and this Court granted that motion on April 23, 2001. *See* Order of Dismissal with Prejudice, April 23, 2001.

The sale of Tahoma Property was finalized and completed on October 10, 2000. Linchey Decl. Ex. A. On October 11, 2000, the bankruptcy court granted Fisher and Tahoma's motion for relief from the default judgment in the adversary proceeding ("Relief from Default Judgment Order"), subject to two conditions: 1) the default judgment shall stand to the extent that Robert P. Fisher has no personal interest in the Tahoma Property, and 2) the sale of the Tahoma Property would stand free and clear of any disputed interests asserted by Fisher or Tahoma. *See* Order for Relief from Default Judgment October 11, 2000. Tahoma filed a Notice of Appeal of the Relief from Default Judgment Order of October 23, 2000 (C–00–4088). Fisher separately filed a Notice of Appeal of the Relief from Default Judgment Order on October 27, 2000 (C–00–4087). Both Tahoma and Fisher filed Notices of Non–Consent and Objection to Referral to Bankruptcy Appellate Panel ("BAP") for their appeals, and the BAP transferred both appeals to the District Court based on the filing of the objections.

A "Bankruptcy Appeal Scheduling Order and Notice of Briefing" was issued in Fisher's appeal (C–00–4087) by United States District Judge Phyllis Hamilton on November 6, 2000. Also, on November 6, 2000, a "Bankruptcy Appeal Scheduling Order and Notice of Briefing" was issued in Tahoma's appeal (C–00–4088) by United States District Judge Saundra Brown Armstrong. *Id.* No appeal briefs were filed as required by the scheduling orders.

On January 8, 2001, Judge Hamilton received a letter from Donald W. Fisher, "specially appearing counsel" for Tahoma and Fisher, requesting additional time to file a brief in Fisher's appeal Linchey Decl., Ex. E. Judge Hamilton granted an extension to February 7, 2001 to file the brief. *Id.* However, in spite of the extension, Fisher again failed to meet the deadline to file a brief.

On February 16, 2001, Judge Hamilton issued an Order to Show Cause in regards to Fisher's appeal to show cause no later than March 2, 2001 as to why his appeal should not be dismissed for failure to prosecute or for failure to abide by the orders and local rules of the District Court. *Id.* On March 2, 2001, Fisher filed a Declaration in Response to Judge Hamilton's Order to Show Cause. *Id.* In response to his declaration, on March 6, 2001, Judge Hamilton granted Fisher another extension until April 2, 2001 to file his brief. *Id.* Again, no brief was filed by this deadline.

In Tahoma's appeal, C–00–4088, no extension was requested or granted. Tahoma has not filed any documents since filing its Notice of Appeal on October 27, 2000.

On March 26, 2001, Fisher's appeal (C–00–4087) was reassigned to this Court. On May 9, 2001, Tahoma's appeal (C–00–4088) was reassigned to this Court.

At present, neither Tahoma nor Fisher has filed appellate briefs or Designation of Record on Appeal and Statements of Issues to be presented in connection with the two appeals at issue. The Trustee now moves for involuntary dismissal of the appeals. The Trustee's Motion for Involuntary Dismissal of these appeals was filed on June 22, 2001. Any opposition to the Motion was due July 6, 2001. Tahoma and Fisher filed memos in opposition to the Motion on July 23, 2001 without leave of the Court for later filing.

## LEGAL STANDARD

■ The district court has the authority to dismiss a case for lack of prosecution pursuant to its inherent authority and FRCP 41(b). *See Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 9 Wright & Miller, Federal Practice and Procedure § 2370 at 199. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and, the possibility of harassment of a defendant." *Medeiros v. U.S.,* 621 F.2d 468, 470 (1st Cir.1980). Federal Rule of Civil Procedure 41(b) states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

■ "The failure to prosecute diligently is sufficient by itself to justify a dismissal even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.; see also Moore v. Telfon Communications Corp.,* 589 F.2d 959, 967 (9th Cir.1978).

## DISCUSSION

The Trustee argues that both Tahoma and Fisher's appeals should be involuntarily dismissed because they have failed to prosecute and perfect their appeals, and have acted in bad faith.[1] Both Tahoma and Fisher contend that their motions should not be dismissed because they have not failed to perfect their appeals and have consistently acted in good faith.

### I. Fisher's Appeal (C–00–4087)

#### A. Failure to Designate Record on Appeal and Statement of Issues

In the case at hand, the Trustee contends that Fisher failed to prosecute his appeals because he failed to file a Designation of Record on Appeal and Statement of Issues ("Designations of Record") according to the time guidelines set by FRBP 8006. In prosecuting appeals, Bankruptcy Rule 8006 provides in pertinent part that:

> [w]ithin 10 days after filing the notice of appeal as provided by Rule 8001(a) ... the appellant shall file with the clerk [of the bankruptcy court] and serve on the appellee a designation of items to be included in the record on appeal and a statement of issues to be presented.

FRBP 8006. FRBP 8001(a) provides that when an appellant fails to perfect his or her appeal pursuant to FRBP 8006, he or she is subject to "such action as the district or bankruptcy court deems appropriate, which may include dismissal of the appeal."

Fisher's Notice of Appeal was filed on October 23, 2000. On November 6, 2000,

---

1. In her brief, the Trustee treats the failure to prosecute and the failure to perfect appeals as two separate arguments for dismissal. However, Bankruptcy Rules and the case law treat failing to perfect an appeal as one form of failure to prosecute. *See, e.g.,* Greco v. Stu-

benberg, 859 F.2d 1401, 1403–04 (9th Cir. 1988) (finding an appellant's failure to take steps required to perfect his appeal pursuant to FRBP 8006 was grounds for dismissal due to failure to prosecute).

the Clerk of the District Court issued a Notice of Filing of Bankruptcy Appeal and Order Setting Status Conference ("Notice of Filing"), which noted that, "[u]pon the completion by parties of the perfection of the record pursuant to [FRBP] 8006 ... the Bankruptcy Court will transmit a copy of the record on appeal to [the district court] for docketing and issuance of a briefing schedule." The Notice of Filing also set a status conference for February 8, 2001 that would stand vacated upon the filing in the District Court of the Record on Appeal as transmitted by the Bankruptcy Court, at which time a briefing schedule would be issued by the District Court.

Pursuant to FRBP 8006, Fisher's Designation of Record should have been filed on November 2, 2000—ten days after his filing of the Notice of Appeal. Linchey Decl., Ex. E. Although on November 7, 2000 the Clerk of the District Court issued a Notice of Briefing stating that the "Record on Appeal ... was entered in the docket of this Court on November 7, 2000," the docket for Fisher's appeal (C–00–4087) does not reflect that a Designation of Record for his appeal was filed. Although Fisher is required to give reason why his case should not be dismissed, he does not attempt to clarify the discrepancy between the docket for his appeal and the Clerk's Notice of Briefing. *See In re Turner*, 186 B.R. 108, 113 (9th Cir. BAP 1995) (noting that "[a]ppellants are usually required to show legal cause why the appeal should not be dismissed.").

Fisher contends that he did file a Designation of Record for this appeal, as well as arrange for the preparation, payment and transmittal of the transcripts of relevant hearings. He attempts to support this assertion by attaching to his Opposition to this Motion ("Fisher Opposition"), at Exhibit N, a copy of a Designation of Record and Statement of Issues filed in the under-

lying bankruptcy adversary proceeding (AP 00–3107–TC). However, the Designation of Record at Exhibit N dated October 6, 2000 is not docketed in Fisher's appeal at issue here (C–00–4087). Also, the October 11, 2000 Order for Relief from Default Judgment, from which Fisher is appealing (in C–00–4087), is not included in the Designation of Record at Exhibit N. Furthermore, to relate the filing of the Designation of Record and Statement of Issues at Exhibit N to the proceedings in Fisher's appeal is illogical because the Designation of Record at Exhibit N is dated October 6, 2000 while the Notice of Appeal, which must be filed *prior to* a Designation of Record, is dated October 23, 2000. *See* FRCP 8006 (stating that a designation of record and statement of issues must be filed ten days after the filing of a Notice of Appeal). Lastly, the first "issue" in the Designation of Record and Statement of Issues at Exhibit N refers to whether the Bankruptcy Judge erred in approving the sale of Tahoma Property, which is irrelevant to Fisher's appeal at issue which concerns the October 11, 2000 Relief from Default Judgment. Moreover, the second "issue" in that Statement of Issues, asking "[w]hether the Bankruptcy Judge erred in conditioning the vacation of the default judgment on sale of property free and clear of defendants interest," is relevant but appears on the document in a different type font than the font used for the rest of the document.

Although Fisher claims that he has submitted a designation of record for this appeal, the Court's record shows no such filing. Fisher's "proof" that he has made the submission is wholly unreliable. Fisher simply has failed to show that he has complied with the Bankruptcy Rules and makes no genuine attempt to explain his dilatory conduct. Therefore, this Court finds that given the evidence as reflected in the docket of filings in Fisher's appeal

(C–00–4087), Fisher did not file a Designation of Record within ten days of filing his Notice of Appeal as required by FRBP 8006, and his arguments to the contrary are unsupported.

### B. Bad Faith

 A procedural violation of a Bankruptcy Rule alone is an insufficient basis for granting a motion to dismiss. *See Fitzsimmons v. Nolden,* 920 F.2d 1468, 1472 (9th Cir.1990). As a general rule, on a motion to dismiss for failure to perfect appeals according to FRBP 8006, the district court must consider alternative sanctions to dismissal and the relative fault of the client and the attorney being sanctioned. *Fitzsimmons,* 920 F.2d at 1472. However, "in egregious circumstances, a court may dismiss a case for noncompliance with procedural rules without explicit consideration of alternative sanctions." *Id.* at 1473 (citing *In re Donovan,* 871 F.2d 807, 808–09 (9th Cir.1989)). Bad faith behavior is an "egregious circumstance" that justifies dismissal because bad faith "poses such a serious threat to the authority of the district court." *Id.* at 1474. Therefore, "the existence of bad faith constitutes egregious circumstances which can warrant dismissal even without the explicit consideration for alternative sanctions and relative fault." *Id.; see also In re Turner v. Marshack,* 186 B.R. at 113 (holding that "[w]hether or not a party has acted in bad faith is a key factor when ruling on a motion to dismiss based on a party's failure to comply with Bankruptcy Rule 8006.") (citation omitted); *but see In re Winner Corp.* 632 F.2d 658, 661 (6th Cir. 1980) (finding that no evidence of bad faith of the appellants existed which would justify dismissal on the basis on insufficient designation of the record); *In re France,* 63 B.R. 775, 776 (D.N.H.1986) (holding that absent evidence of prejudice to defen-dant or of bad faith, dismissals under Bankruptcy Rules will rarely be granted).

 Dilatory conduct that constitutes bad faith includes "extreme and unexcused delay in complying with the requirements of FRBP 8006." *In re Patin,* 199 B.R. 728, 732 (N.D.Cal.1996) (holding that "appellant has provided no plausible explanation for its failure timely to complete the record on appeal. Appellant's fault in this case was not, as appellant claim[ed], limited to 'mere reliance on the literal language of Rule 8006.' "); *see also Fitzsimmons,* 920 F.2d at 1471–72. The court in *Fitzsimmons* noted that if such a delay strategy was not considered bad faith, it could be "a particularly attractive [strategy for appellants] in bankruptcy proceedings because . . . [the delay] would give leverage in settlement proceeding to losers." *Fitzsimmons,* 920 F.2d at 1474.

 In this case, it has been more than 200 days since Fisher filed his Notice of Appeal and no reason has been given for the delay. *See* Linchey Decl., Ex. F. Courts have found as short as a one month delay to be extreme and in bad faith. *See Fitzsimmons,* 920 F.2d at 1470 (finding one factor evidencing bad faith behavior was appellants failure to "serve the designation of record for a month, well after the ten days provided by Bankruptcy Rule 8006 had expired"); *see also In re Patin,* 199 B.R. at 731 (considering appellant's eight month delay in serving the designation of pleadings, as required by Rule 8006, evidence of bad faith). This Court finds that Fisher's more than 200–day delay in filing a Designation of Record is an example of his dilatory conduct evidencing bad faith. *See id.*

Another example of dilatory conduct by Fisher is his failure to meet deadlines set by Judge Hamilton. Fisher argues that his failure to meet deadlines was not dilatory conduct but rather it was due to the

court's error in misaddressing orders granting Fisher's requested extensions which he never received.

The first deadline Judge Hamilton set for Fisher to file his brief was December 7, 2000. *See* Notice of Briefing, November 7, 2000. On January 3, 2001, after the December 7, 2000 deadline had already passed, Donald W. Fisher submitted a letter to Judge Hamilton requesting an extension for filing Fisher's brief and informing the Court that he (Donald Fisher) was to "specially appear" for Fisher as counsel on the matter of Fisher's appeal. On January 8, 2001, Judge Hamilton issued a scheduling order granting an extension until February 7, 2001 for Fisher to file his brief. However, Fisher did not meet this deadline and on February 16, 2001 Judge Hamilton issued an Order to Show Cause to Fisher to show cause why his appeal should not be dismissed for failure to prosecute and for failure to abide by the orders and local rules of the court.

On March 2, 2001, Fisher filed a Declaration in Response to Order to Show Cause in which he claimed that, due to an address change, he had not received Judge Hamilton's scheduling order extending the filing deadline to February 7, 2001. Fisher noted that his address had been changed from the Sheridan, Oregon address on file with the Court, to his new Aptos, California address. In response to Fisher's Declaration, Judge Hamilton issued another scheduling order granting another extension to April 2, 2001 for Fisher to file his brief. Again, Fisher failed to meet this deadline. On March 26, 2001, Judge Hamilton's case was transferred to this Court and on April 9, 2001, this Court issued a notice to Fisher to "comply with all of the filing deadlines previously imposed by Judge Hamilton."

On April 19, 2001, Fisher filed a Declaration in Further Response to the Order to Show Cause (again, after the April 2, 2001 deadline to file a brief) stating that Judge Hamilton's order granting the second extension was again misaddressed and not received by him, and therefore he did not knowingly fail to meet the deadline. *See* Linchey Decl., Ex. G and H. Furthermore, Fisher said he only found out about the extension after receiving the April 9, 2001 notice from this Court. *Id.*

Fisher's contentions that he never received the scheduling orders from Judge Hamilton are suspect and inconsistent. The scheduling order granting the extension to February 7, 2001 and the scheduling order granting another extension to April 2, 2001 were both mailed by the court to Fisher at his Sheridan, Oregon address as well as to his specially appearing counsel Donald W. Fisher's address in San Clemente, California. Therefore, even though Fisher may not have received the scheduling orders, his specially appearing counsel should have received them. Moreover, Judge Hamilton's Order to Show Cause was also sent to the same addresses as the addresses the scheduling orders were sent to, and Fisher apparently received the Order to Show Cause as evidenced by his ability to file declarations in response to it.

In *In re Patin*, the court found that a delay in compliance with FRCP 8006 was not remedied by appellant's compliance with the court's order to show cause because the court could " 'only speculate how long [the] appellant might have continued to delay' if it had not been prodded into action by the court." *In re Patin*, 199 B.R. at 731–32 (citation omitted). In the case at hand, not only has there been more than a 200–day delay in filing the Designation of Record in compliance with FRBP 8006, Fisher has also failed to meet the extension deadline for filing a brief in this case even after the court prodded him to

act by issuing the Order to Show Cause. This is evidence of the very dilatory behavior feared by the court in *In re Patin. Id.*

Therefore, this Court finds that Fisher had access to the scheduling orders and his failure to meet the deadlines set by the court is evidence of unexcused dilatory behavior.

Finally, despite the fact that the Trustee served Fisher with this Motion to Dismiss on June 8, 2001, Fisher waited until July 23, 2001 (four days before the hearing date set for this Motion) to file and serve his Opposition to the Motion. *See* Linchey Decl., Ex. H. In a previous and separate appeal filed by Fisher, C–00–3557, he also did not file an opposition to Trustee's motion to dismiss until the day before the hearing on the motion. Fisher has given no explanation or excuse for the late filings on either occasion. Under Local Rule 7–3(a), "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date." The hearing date for this Motion is July 27, 2001, making the deadline for filing of opposition papers July 6, 2001. This Court finds Fisher's delay in filing his Opposition in this appeal and in C–00–3557 is further evidence of Fisher's dilatory behavior which has been consistent throughout litigation between him and the Trustee.

Therefore, this Court finds that Fisher's (1) failure to abide by the time guidelines of FRBP 8006 by delaying his filing of the Designation of Record, (2) failure to meet deadlines set by Judge Hamilton's Order to Show Cause and scheduling orders, and (3) delay of filing his Opposition to this Motion, together, exhibit Fisher's bad faith which constitutes egregious circumstances warranting the involuntary dismissal of his appeal. *See Fitzsimmons,* 920 F.2d at 1474.

## II. Tahoma's Appeal (C–00–4088)

The Trustee also argues that Tahoma has failed to abide by Bankruptcy Rules in prosecuting its appeal. After filing its Notice of Appeal on October 27, 2000, the docket shows that Tahoma has failed to file anything whatsoever to further perfect its appeal.[2] Also, like Fisher, Tahoma filed its Opposition to this Motion four days before the scheduled hearing for the Motion. Because it is an appellant's duty to prosecute its case, this Court finds that Tahoma's complete failure to take any action beyond mere filing of its Notice of Appeal filed more than 200 days ago, exhibits dilatory conduct that amounts to bad faith, warranting the involuntary dismissal of Tahoma's appeal. *See Fitzsimmons,* 920 F.2d at 1473–74 (holding that "the existence of bad faith is a factor that must be considered when reviewing a motion to dismiss for non-compliance with Bankruptcy Rule 8006"); *see also In re Patin,* 199 B.R. at 732 (dismissing appellant's case because not only had he not provided any plausible explanation for his failure to timely complete the record on appeal according to FRBP 8006, his dilatory actions amounted to bad faith.).

Therefore, this Court finds that Tahoma has violated FRBP 8006 and has exhibited

---

**2.** Tahoma argues that it satisfied the FRBP 8006 requirement of filing a Designation of Record because it filed a "Joinder in Certification of Record on Appeal," joining Fisher's Designation of Record dated October 6, 2000. *See* Fisher Opposition, Ex. N. As discussed in the previous section, Fisher's October 6, 2000 Designation of Record does not satisfy the FRBP 8006 requirement because it was filed in a different appeal, prior to Tahoma's filing of its Notice of Appeal in the case at issue (C–00–4088), and no filing of any Designation of Record appears on the docket for this appeal (C–00–4088). Also, as the Trustee notes in her Reply brief, no legal authority allows Tahoma to "join" a designation that "relates back" to previously filed designations in connection with separate though related appeals.

bad faith warranting the involuntary dismissal of its appeal (C–00–4088).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Trustee's motion to dismiss C–00–4087 and C–00–4088. These actions are hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

